*E-Filed 8/4/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SEAN CUNNINGHAM,  No. C 11-0368 RS (PR)

    Plaintiff,  **ORDER OF DISMISSAL**

    v.

D. RAMOS, and
M. CERVANTES,

    Defendants.
_____/

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion to dismiss for failure to exhaust administrative remedies is GRANTED.

## BACKGROUND

In his complaint, plaintiff alleges that on October 25, 2010, defendants D. Ramos and M. Cervantes,[1] correctional officers at Salinas Valley State Prison ("SVSP"), used excessive force against him thereby violating his Eighth Amendment rights. Plaintiff contends that

---

[1] Defendants A. Hedgpeth and Party Director of California Department of Corrections and Rehabilitation were terminated previously.

defendant D. Ramos, while plaintiff was in handcuffs and waist restraints, tightly grasped his arm and, with the help of defendant M. Cervantes, forced him through the door of the Mental Health Annex, slammed him repeatedly into a glass wall, and defendant D. Ramos kicked him with her hard tip boots. Defendants move to dismiss the action because plaintiff failed to exhaust his administrative remedies prior to filing suit. It is necessary, then, to review plaintiff's grievance history.

The following facts are undisputed. On November 1, 2010, plaintiff submitted an inmate appeal form alleging that excessive force was used against him by Correctional Officers Ramos and Cervantes. Plaintiff attached one additional page to his grievance describing his claims. This November 1, 2010 grievance was received on November 2, 2010, bypassed at the first level of review and was partially granted at the second level on November 3, 2010 so that an investigation could be conducted into plaintiff's allegations. Per this partial grant, SVSP conducted an inquiry into the allegations of staff misconduct against Correctional Officers Ramos and Cervantes. The inquiry, completed on December 9, 2010, concluded that the relevant staff members did not violate CDCR policy. Also on December 9, 2010, a Staff Complaint Response memorandum issued and was provided to plaintiff, notifying him that the investigation was complete and that no staff misconduct was found. Plaintiff was offered no relief other than SVSP's conducting an investigation. Plaintiff did not appeal this decision to the Director's Level of Review, though the final paragraph in the Complaint Response informed him of the following:

> Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a staff decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

(Compl. at 25.)

//

//

## DISCUSSION

Defendants contend that plaintiff failed to exhaust his administrative remedies through all levels of review. Plaintiff admits that he did not pursue such remedies past the second level. Plaintiff asserts that he elected not to appeal to the Director's Level of Review because (1) his appeal was partially granted at the second level, (2) there were no further remedies available, and (3) he was satisfied with the result. (Pl.'s Opp ("Opp.") to Defs.' Mot. to Dismiss at 6–8.)

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

Compliance with prison grievance procedures is all that is required to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that define the boundaries of proper exhaustion. *Id.* The inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). A grievant must use all steps the prison makes available, enabling the prison to reach the merits of the issue. *Woodford*, 548 U.S. at 90. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id.* at 85–86 (citing *Booth*, 532 U.S. at 734).

To exhaust administrative remedies properly in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of Corrections and Rehabilitation. *See* 15 Cal. Code Regs. § 3084.5. As applied to this case, it is undisputed that plaintiff did not press his grievance through to the Director's level of review. Therefore, plaintiff did not exhaust his administrative remedies, and defendants' motion must be granted, unless an exception to the four-step process applies.

An inmate complaining about staff misconduct need not exhaust further levels of review upon being deemed to have exhausted all available remedies. *Brown v. Valoff*, 422 F.3d 926, 937–40 (9th Cir. 2005) (citing *Booth*, 532 U.S. at 736 n.4). As well, "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) (claim exhausted where inmate requested either new disciplinary hearing or that charges be dismissed and was granted new hearing at lower level, despite the fact that he did not further appeal that "partial" grant).

Plaintiff invokes the decision in *Brown v. Valoff* as the basis for his decision not to appeal. In *Brown*, the Ninth Circuit held that "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." *Id.* at 935. Plaintiff, however, misinterprets the holding in *Brown* when he argues that administrative remedies are deemed exhausted when a partially granted finding is given at any time throughout the appeals process. (Opp. at 5.) In fact, a partially granted finding is not dispositive of the exhaustion process when, as in the instant matter, further administrative relief is available. *Brown*, 422 F.3d at 935.

In *Brown*, as here, the plaintiff's appeal was partially granted in that the prison ordered an investigation. There, the similarity ends. In *Brown*, the response contained no

1  language indicating that the plaintiff could appeal the decision to the third level of review.
2  *Id.* at 932.  Here, by contrast, the Complaint Response advised plaintiff of the availability of
3  administrative remedies of which he did not ultimately avail himself.

4       *Brown* holds that defendants bear the burden to raise and prove the absence of
5  exhaustion, demonstrating that "pertinent relief remained available, whether at the
6  unexhausted levels of the grievance process or through awaiting the results of the relief
7  already granted as a result of that process."  422 F.3d at 937.  Defendants can meet this
8  burden by providing evidence that information was "provided to the prisoner concerning the
9  operation of the grievance procedure in [the] case, such as in the response memoranda,"
10 indicating the availability of additional administrative remedies.  *Id.*  The response
11 memoranda stating that plaintiff must appeal to the Director's Level of Review in order to
12 exhaust is exactly that.  Plaintiff was therefore on notice that he was not restricted from
13 pursuing further relief through the inmate appeals process, and that to satisfy the exhaustion
14 requirement it was mandatory that he submit his staff complaint appeal through all levels of
15 appeal review including the Directors Level of Review.  (Pl.'s Exh. D at 26.)  Because
16 plaintiff had yet to appeal at that level, pertinent relief remained available, plaintiff was so
17 informed, and plaintiff's administrative remedies had not been exhausted.

18      Plaintiff additionally contends that his administrative remedies were exhausted
19 because he was satisfied with the result of his second level review and all requested relief
20 was granted via the partial grant of his second level appeal.  This contention is not supported
21 by the record.  Plaintiff was not consistent in his assertion of satisfaction, as he states in an
22 exhibit to his Declaration that he was "dissatisfied with the lack of consequence enforced by
23 Salinas Valley due to the non existent punishment of C/O Ramos."  (Cunningham Decl.,
24 Ex. B.)  Nevertheless, even if his satisfaction is assumed, plaintiff was not granted relief on
25 the merits of his claim so as to warrant satisfaction.  It is important to note that the partial
26 grant of plaintiff's second level appeal refers only to the fact that an investigation was
27 conducted, and does not indicate that plaintiff was afforded relief as he requested.  Plaintiff
28

received the results of the second level review which informed him that no staff misconduct was found: "[t]he inquiry is complete. Staff did not violate CDCR policy." (Pl.'s Ex. D at 26.) Accordingly, plaintiff was required to pursue remaining administrative remedies in order to exhaust.

Unlike in *Harvey v. Jordan*, where the plaintiff requested and was granted a new disciplinary hearing at the second level of review, in the present case plaintiff's partial grant at the second level entitled him only to a confidential inquiry into his allegations of staff misconduct. 605 F.3d at 685. Because such inquiry was not resolved in his favor, plaintiff had yet to receive relief. While it is true that plaintiff's appeal was "partially granted" at the "second level," that indicated only that an inquiry was made into plaintiff's allegations. Because the investigation resulted in the conclusion that the staff members in question had not violated CDCR policy, plaintiff had yet to receive a favorable ruling to satisfy the exhaustion requirement as was the case in *Harvey*. (Pl.'s Exh. D at 26.) Mere contention of satisfaction is not sufficient, and plaintiff therefore failed to exhaust his administrative remedies in accordance with *Harvey*.

In addition, Plaintiff relies on *Brady v. Attygala*, in which the court held that California's grievance process requires an inmate to appeal to the director only if his "appeal [is] not resolved at [the] second level." *Brady v. Attygala*, 196 F. Supp. 2d 1016, 1021–22 (C.D. Cal. 2002) (quoting Cal. Code Regs. tit. 15, § 3084.5(d)). *Brady* is inapposite to the facts in the instant matter. In *Brady*, the substance of plaintiff's grievance was the request to be seen by an outside ophthalmologist. *Id.* at 1018. His appeal was granted at the second level, and he received the requested care. *Id.* This is distinguishable from the present case, where plaintiff's appeal was not resolved at the second level. While Brady's satisfaction stemmed from the fact the second level appeal ruling was favorable on the merits and he received the relief he had requested, here, plaintiff's requests were not granted. The investigation did not uncover evidence of staff misconduct and defendants were not disciplined for their alleged use of excessive force. Though in *Brady* any further appeal

would not only have been fruitless, but also would have risked the reversal of his earlier favorable ruling, no such risk existed for plaintiff and further appeals could have generated a favorable ruling on the merits. *Id.* at 1022–23. Unlike Brady, plaintiff was required to pursue his appeal to the final level of review in order for his administrative remedies to be considered exhausted.

In short, because plaintiff was provided with written instructions that he must submit his complaint appeal through all levels of review, specifically to the remaining Director's Level of Review, he has not shown that further administrative remedies were unavailable. Plaintiff also has not shown that he received the relief he requested obviating the need to pursue his grievance further within the prison appeals system. The record, then, shows that plaintiff failed to exhaust his claims properly prior to filing the instant action. Accordingly, defendants' motion to dismiss is GRANTED.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Docket No. 8) is GRANTED. The action is hereby DISMISSED without prejudice.

Plaintiff's motion to compel (Docket No. 11) is DENIED as moot. Plaintiff's motion for the appointment of counsel (Docket No. 17) is DENIED. The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Plaintiff has not shown that exceptional

circumstances exist in this case. The Clerk shall enter judgment in favor of defendants, terminate Docket Nos. 8, 11 & 17, and close the file.

**IT IS SO ORDERED**.

DATED: August 3, 2011

_____
RICHARD SEEBORG
United States District Judge